UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CALEB C., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C23-5331-MLP <br><br> ORDER |

## I. INTRODUCTION

Plaintiff seeks review of the denial of his application for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred in (1) misevaluating the medical evidence, (2) discounting Plaintiff's testimony, and (3) discounting lay witness testimony.[1] (Dkt. # 15 at 2.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II. BACKGROUND

Plaintiff was born in 1984, has a high school education, and has worked as a stock clerk and merchandise deliverer. AR at 29. Plaintiff was last gainfully employed in 2017. *Id.* at 19.

---

[1] Plaintiff argues these errors led to errors in the ALJ's residual functional capacity ("RFC") assessment and step-five findings, but these derivative errors need not be addressed separately. (Dkt. # 15 at 18-19.)

ORDER - 1

In January 2018 and May 2018, Plaintiff applied for benefits, alleging disability as of October 30, 2017. AR at 253. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 291-92. After the ALJ conducted a hearing on December 19, 2019, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 250-71. On October 20, 2020, the Appeals Council vacated the ALJ's decision and remanded Plaintiff's claims for a new hearing. *Id.* at 272-78. After the ALJ conducted a hearing on October 21, 2021, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 13-38.

Using the five-step disability evaluation process,[2] the ALJ found, in pertinent part: (1) Plaintiff has the following severe impairments: major depressive disorder, generalized anxiety disorder, borderline personality disorder, and bipolar disorder; and (2) Plaintiff has the RFC to perform a full range of work at all exertional levels but with the following nonexertional limitations: He could understand, remember, and apply detailed but not complex instruction, and perform predictable tasks not in a fast-paced production type environment, with exposure to only occasional workplace changes, and with only occasional interaction with the general public and coworkers. AR at 20-22.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-4. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 1.)

### III.   LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a

---

[2] 20 C.F.R. §§ 404.1520, 416.920.

ORDER - 2

general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV.   DISCUSSION

Plaintiff argues the ALJ erred in assessing certain medical opinions, discounting his and lay witness testimony, and in his formation of the RFC and step five analysis. The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

### A.   The ALJ Did Not Err in Assessing the Medical Opinion Evidence

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c). An

ORDER - 3

1  ALJ's consistency and supportability findings must be supported by substantial evidence. *See*

2  *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

3        Plaintiff challenges the ALJ's assessment of three medical opinions, which the Court

4  addresses in turn.[3]

5                  1.   DSHS Psychological Evaluator Terilee Wingate, Ph.D.

6        Dr. Wingate examined Plaintiff in March 2018 and January 2020 and opined that he had

7  a range of mild to marked limitations in basic mental work activities with an overall severity

8  rating of marked. AR at 790-99, 1302-09. The ALJ found Dr. Wingate's opinion unpersuasive

9  because: (1) It was unsupported by her unremarkable examination findings; (2) It was

10 inconsistent with the longitudinal record, which showed Plaintiff had stable or improved

11 symptoms; and (3) It was inconsistent with Plaintiff's improvement when compliant with

12 psychotropic medication. *Id.* at 27-28. Notably, Plaintiff did not substantively challenge the

13 ALJ's second or third findings.

14       First, Plaintiff contends the ALJ erred by acting as a medical expert. (Dkt. # 15 at 5.) But

15 the Ninth Circuit has itself recognized that "ALJs are, at some level, capable of independently

16 reviewing and forming conclusions about medical evidence to discharge their statutory duty to

17 determine whether a claimant is disabled and cannot work." *Farlow v. Kijakazi*, 53 F.4th 485,

18 488 (9th Cir. 2022). Without more, Plaintiff's conclusory statement that the ALJ acted as a

19 medical expert is insufficient to present an argument.

---

[3] Plaintiff's opening brief summarizes various medical records, which Plaintiff states in conclusory fashion demonstrate the ALJ erred in his analysis of Plaintiff's testimony. (Dkt. # 15 at 6-9). This Order focuses on the errors *explicitly* identified in Plaintiff's briefing and does not address Plaintiff's summaries of evidence for which an argument has not been adequately developed because, as recognized by the Ninth Circuit, simple summaries of evidence lack the clarity and delineation required for appellate review. *See Putz v. Kijakazi*, 2022 WL 6943095, at *2 (9th Cir. Oct. 12, 2022). It is not this Court's job to "manufacture arguments where none is presented." *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003).

ORDER - 4

Second, Plaintiff argues that contrary to the ALJ's "lay analysis, Dr. Wingate's opinions are supported by her findings" that Plaintiff was tense and shaky, could only remember one out of four words after a five-minute delay, and had a dysphoric mood with a blunted affect. (Dkt. # 15 at 5.) But the ALJ addressed each of these and explained why they were not persuasive. Specifically, the ALJ noted Dr. Wingate's opined limitations were inconsistent with her finding that Plaintiff "had normal thought process and content, orientation, perception, fund of knowledge, concentration, and abstract thought." AR at 27 (citing *id.* at 790-98, 1302-09).

Additionally, while Plaintiff focuses on Dr. Wingate's finding that he could only remember one out of four words after a delay, he fails to address the full scope of her findings or the reasons the ALJ discounted her opinion. The ALJ summarized Dr. Wingate's findings, noting that her opined limitations were inconsistent with her finding that Plaintiff could "recall 4 of 4 unrelated words immediately, only 1 of 4 after a delay, one with a category clue, and one with a multiple-choice format or all of the remaining words with a multiple-choice format, complete a three step task, repeat six digits forwards and three to four backward, complete serial three's from 20 without error, and complete serial seven's from 100 without error or with only one." AR at 27-28. The ALJ reasonably concluded that the largely normal findings outweighed the minimal abnormal findings Plaintiff cites and did not support the extreme limitations Dr. Wingate opined.

Last, Plaintiff contends, without elaboration, that Dr. Eisenhower and Dr. Renn's findings and opinions are consistent with Dr. Wingate's. (Dkt. # 15 at 4-5.) Again, without more, Plaintiff's conclusory reference to other opinions is insufficient to state an argument. Because the ALJ reasonably found Dr. Wingate's opined limitations unsupported by her examination findings

ORDER - 5

and inconsistent with other findings in the record, the ALJ did not err in finding Dr. Wingate's opinion less persuasive.

### 2.  Treating Psychiatrist Rebecca Jo Renn, M.D.

In April 2021, Dr. Renn completed a medical source statement opining numerous limitations for Plaintiff. AR at 1370-73. The ALJ considered her opinion and found it unpersuasive because her opined limitations were "inconsistent with her treatment notes showing generally normal mental status examinations and symptom improvement and even stabilization with medication." *Id*. at 28.

Plaintiff contends, without elaboration, that "none of the ALJ's reasons are supported by substantial evidence in the record as a whole. Dr. Renn had a longitudinal basis for her opinions, and the fact that [Plaintiff's] symptoms stabilized with medication does not contradict her opinion about the symptoms and limitations [Plaintiff] was continuing to experience even while stabilized with medication." (Dkt. # 15 at 7).

As a preliminary note, the Commissioner points out that Dr. Renn stated in a treatment note in December 2019 that her "truthful report on paperwork will probably not help his disability case." (Dkt. #18 at 10) (citing AR at 1318). If Dr. Renn did complete a medical source statement in December 2019, it is not in the record. As to Dr. Renn's April 2021 statement, the Commissioner counters that "Dr. Renn's opinion was not supported by her own treatment notes, nor consistent with the overall record showing improvement and stability." *Id*. Specifically, though Plaintiff reported being intensely irritable and experiencing disturbing thoughts, Dr. Renn noted he was "calm and conversant, not irritable as he reports." *Id*. (citing AR at 1460-61). And over the course of multiple appointments, Dr. Renn consistently noted that Plaintiff had benign presentation, symptom improvement, and stabilization. *Id*. (citing AR at 988, 1003-04, 1342).

ORDER - 6

Here, the ALJ considered the longitudinal record and reasonably found Dr. Renn's opinion inconsistent with the record and unsupported by her treatment notes. The ALJ noted that treatment providers consistently found Plaintiff had intact cognition. AR at 21. Specifically, treating psychiatrists found he had linear, organized and goal-directed thoughts, good memory, alert cognition, and average intellect. *Id.* (citing AR at 844-45, 936, 955-56, 962, 988, 1003, 1017, 1319, 1342, 1364, 1449, 1456, 1461, 1468, 1475). Treatment providers also repeatedly found he had intact insight and judgment. *Id.* (citing AR at 955-56, 962, 988, 1003, 1017, 1319, 1342, 1364, 1449, 1456, 1461, 1468, 1475). Further, treatment providers repeatedly found he was pleasant and cooperative and exhibited normal or appropriate mood, affect, and behavior despite at times being guarded. *Id.* (citing AR at 844, 855, 859, 918, 920, 935, 942, 944, 952, 955, 959, 962, 969, 971, 974, 982-83, 985, 988, 991, 994, 997, 1000, 1003, 1006, 1008, 1012, 1015, 1017, 1032, 1040, 1310-69, 1397-476). The DSHS evaluations found he had logical and linear speech, normal thought process and content, normal perception, normal fund of knowledge, and intact concentration as well as impaired insight and judgment. *Id.* (citing AR at 793-94, 1305, 1481-82). Plaintiff does not address these parts of the ALJ's analysis, instead he simply asserts that the ALJ's decision was not supported by any part of the record.

Plaintiff's conclusory argument thus fails to show harmful error in the ALJ's evaluation of Dr. Renn's opinion. Substantial evidence supports the ALJ's determination that Dr. Renn's opinion was neither supported by her treatment notes, nor consistent with the overall record.

    3.   *DSHS Psychological Evaluator Kimberly Wheeler, Ph.D.*

In October 2021, Dr. Wheeler examined Plaintiff and opined that he had mild to marked limitations in basic mental work activities with a severe limitation in performing activities within a schedule, maintaining regular attendance, and being punctual without special supervision. AR

at 1478-82. The ALJ found Dr. Wheeler's opinion unpersuasive because it was "inconsistent with and not supported by the treatment records which show generally normal mental status examinations." *Id*. at 28. The ALJ also cited numerous examples from the longitudinal record that undermined the extent of Dr. Wheeler's opined limitations. In numerous instances, Plaintiff was found to have intact cognition; linear, organized and goal-directed thoughts, good memory, alert cognition, and average intellect; intact insight and judgement; stable or improved symptoms; and to greatly benefit from psychotropic medication. *Id*.

Plaintiff does not challenge any of the specific reasons the ALJ cited for discounting Dr. Wheeler's opinion. Instead, he says only that "the ALJ once again errs by failing to apprehend that psychologists can also base their opinions on their clinical observations." (Dkt. # 15 at 7.) This is insufficient to state an argument showing harmful error in the ALJ's decision. Accordingly, the ALJ's determination is supported by substantial evidence that Plaintiff has not effectively refuted.

    4.    *Other Medical Evidence and Non-Examining Opinions*

Plaintiff spends several pages summarizing various parts of the medical record before asserting, without a clear delta to the ALJ's decision, this evidence "shows that the ALJ was incorrect to assert that [Plaintiff's] clinical findings were mostly normal," and that "a reasonable ALJ who properly evaluated the medical evidence ... could have reached a different disability determination." (Dkt. # 15 at 7-10.) But as explained *supra*, the ALJ evaluated the longitudinal record and cited multiple instances that countervailed the extent of limitations alleged by the medical opinions the ALJ found unpersuasive. Plaintiffs' cursory summation of various parts of the record fails to address the substantial evidence the ALJ relied on in evaluating the veracity of medical opinions. And, though Plaintiff contends a reasonable ALJ could have reached a

ORDER - 8

different determination, when the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Thomas*, 278 F.3d at 954.

In Plaintiff's reply brief he further contends that these clinical findings support the discounted medical opinions and demonstrate his severe physical impairments and abnormal clinical findings. (Dkt. # 19 at 3.) (citing AR 1029, 1380). But both parts of the record Plaintiff references fail to show medically determinable impairments persisting more than a year that would cause limitations in Plaintiff's ability to perform work beyond what the ALJ assessed.

In challenging other non-examining opinions, Plaintiff asserts that his cooperation at medical appointments does not contradict medical opinions regarding his work-related limitations. (Dkt. # 19 at 4.) While it is true that a patient's cooperation with medical providers does not necessarily preclude their inability to cooperate in work settings, here, the ALJ cited numerous examples of Plaintiff's cooperation and normal behavior. AR 26-27 (citing AR 844-45, 855, 859, 918, 920, 935, 942, 944, 952, 955, 959, 962, 969, 971, 974, 982, 983, 985, 988, 991, 994, 997, 1000, 1003, 1006, 1008, 1012, 1015, 1017, 1032, 1040, 1319, 1342, 1364, 1449, 1456, 1461, 1468, 1475). These extensive findings reasonably support the ALJ's finding that Plaintiff can engage on some level, in social interaction. Plaintiff's conclusory statement thus fails to show harmful error in the ALJ's analysis.

**B.  The ALJ Did Not Err in Assessing Plaintiff's Testimony**

The ALJ summarized Plaintiff's allegations and explained he discounted them because: (1) Although Plaintiff testified he has to read instructions multiple times and can only pay attention for a minute, treatment providers consistently reported he had intact cognition and linear, organized, and goal directed thoughts, good memory, and average intellect; (2) Despite Plaintiff's allegations of significant social limitations, treatment providers repeatedly found him

ORDER - 9

pleasant and cooperative, exhibiting normal and appropriate mood, affect, and behavior; (3) Plaintiffs complaints about debilitating depression and anxiety were inconsistent with the medical evidence; and (4) Plaintiff's allegations about his level of physical and mental functioning were inconsistent with his activities. AR at 21-27. Absent evidence of malingering, an ALJ must provide clear and convincing reasons to discount a claimant's testimony. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff contends the ALJ erred in evaluating his testimony for several reasons. First, Plaintiff argues the ALJ failed to properly evaluate the objective medical evidence. (Dkt. # 15 at 10.) As explained *supra*, the ALJ did not err in evaluating the objective medical evidence.

Second, Plaintiff alleges that the ALJ erred by "cherry-picking the evidence, listing [Plaintiff's] normal findings while largely failing to fully account for [Plaintiff's] abnormal findings." (Dkt. # 15 at 11.) But Plaintiff does not reference any of these abnormal findings or explain how they contradict the ALJ's findings. Instead, he repeats germane reasons the ALJ gave for discounting Plaintiff's testimony and then asserts, in conclusory fashion, that these are not "convincing reasons to reject" Plaintiff's testimony. (*Id*.)

Third, Plaintiff asserts the ALJ "could not reject [Plaintiff's] testimony about the extent or severity of his symptoms and limitations based solely upon whether objective evidence supports the degree of limitations alleged by [Plaintiff]." (Dkt. # 15 at 11.) But the ALJ did not rely solely on the objective evidence's correlation to the degree of limitations Plaintiff testified to; instead, the ALJ considered the testimony and weighed it against Plaintiff's activities, his social and mental capacity as demonstrated by interactions and notes from treatment providers, as well as the objective medical evidence. Plaintiff mistakenly asserts the ALJ relied solely on medical evidence and thus fails to show error in this part of the ALJ's decision.

ORDER - 10

Fourth, Plaintiff contends the ALJ erred by finding he had generally mild mental status findings that conflicted with the degree of mental limitations Plaintiff testified to. (Dkt. # 15 at 11-12.) Plaintiff does not cite any specific part of the record to challenge the ALJ's finding. Instead, Plaintiff, in conclusory fashion, states "the ALJ's analysis is not supported by substantial evidence in the record as a whole. [Plaintiff's] mental clinical findings are not 'generally mild.'" (*Id.*) This is insufficient to state an argument.

Fifth, Plaintiff challenges the ALJ's assessment that Plaintiff's activities were inconsistent with the debilitating limitations Plaintiff testified to. (Dkt. # 15 at 12.) Again, Plaintiff fails to properly develop an argument that responds to the ALJ's reasoning. Without citing any part of the record, Plaintiff concludes that "none of [Plaintiff's] limited activities are inconsistent with his testimony, none of his activities meet 'the threshold for transferable work skills,' and none of his activities show that he could perform any type of full-time competitive work on a sustained basis." (*Id.*) Without more, this is insufficient to show harmful error by the ALJ.

Finally, Plaintiff spends several pages summarizing bits of the record from testimony during the hearing without making an argument or showing a logical connection between the testimony and alleged error by the ALJ. (Dkt. # 15 at 12-16.) Plaintiff then asserts, in conclusory fashion, that "the above-summarized testimony is the testimony that the ALJ improperly rejected. This testimony shows that [Plaintiff] is more limited than he was found to be by the ALJ." (*Id.*) But Plaintiff makes no argument that specifically addresses any of the ALJ's reasons for rejecting his testimony.

ORDER - 11

The ALJ gave specific, clear, and convincing reasons for discounting Plaintiff's testimony. Plaintiff's numerous conclusory arguments devoid of any logical connection between the record and a mistake by the ALJ fail to show harmful error.

### B. The ALJ Did Not Err in Assessing Lay Witness Testimony

Plaintiff challenges the ALJ's assessment of lay witness testimony provided by SSI Facilitator Cindy Harbaugh and Plaintiff's aunt, Carole J. C., asserting that "the ALJ failed to evaluate any of the lay evidence." (Dkt. # 15 at 18.) But, as the Commissioner correctly asserts, the ALJ is not required to provide a written analysis of evidence from every nonmedical source. (Dkt. # 18 at 13 (citing Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5,844, 5,850 (Jan. 18, 2017); citing also *Fryer v. Kijakazi*, 2022 WL 17958630 at *3 n.1 (9th Cir. Dec. 27, 2022) ("It is an open question whether ALJs are still required to consider lay witness evidence under the revised regulations, although it is clear they are no longer required to articulate it in their decisions").) Additionally, both Ms. Harbaugh and Plaintiff's aunt described symptoms that were substantially like those alleged by Plaintiff. AR at 635, 647, 686-89. Accordingly, even if the ALJ should have discussed the lay witness testimony in more detail, this error would be harmless. *See, e.g., Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (because "the ALJ provided clear and convincing reasons for rejecting [the claimant's] own subjective complaints, and because [the lay witness's] testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting [the lay witness's] testimony").

As explained *supra*, the ALJ gave sufficiently clear and convincing reasons for discounting the Plaintiff's testimony, and the lay witness testimony may be rejected for the same reasons. Plaintiff thus failed to show harmful error in this part of the ALJ's decision.

ORDER - 12

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED**, and this case is **DISMISSED** with prejudice.

Dated this 15th day of November, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge